COURT TERMS
CIRCUIT COURT
1ST MONDAY JANUARY
1ST MONDAY MARCH
1ST MONDAY MAY
1ST MONDAY JUNE
1ST MONDAY SEPTEMBER
1ST MONDAY NOVEMBER

SECOND DISTRICT
CIRCUIT
4TH MONDAY JANUARY
2ND MONDAY JULY
4TH MONDAY SEPTEMBER

### Office of the Circuit Court
### Hinds County

**Zack Wallace Circuit Clerk**
www.hindscountyms.com

COURT TERMS
COUNTY COURT
2ND MONDAY
EACH MONTH

SECOND DISTRICT
COUNTY

2ND MONDAY MARCH
2ND MONDAY JUNE
2ND MONDAY SEPTEMBER
2ND MONDAY DECEMBER

JEREMY LOTT **PLAINTIFF**

**VS** **NO. 25-217**

**MS DEPT OF PUBLIC SAFETY** **DEFENDANTS**
**AND COMMISSIONER SEAN TINDELL**

### CLERK'S CERTIFICATION

I, **Zack Wallace, Clerk of Hinds County, Mississippi**, hereby certify that the attached are

true and correct copies of all papers filed in the above styled and numbered cause, as of this

date the same is of record in this office to wit: FILED

**GIVEN UNDER MY HAND AND SEAL** of office this the 1ST day of  MAY 2025.



**Zack Wallace, Circuit Clerk, Hinds County**

By _____**D.C.**

FIRST DISTRICT - JACKSON OFFICE
P.O. BOX 327 JACKSON, MS 39205
PHONE: 601-968-6628 FAX: 601-973-5547

SECOND DISTRICT - RAYMOND OFFICE
P.O. BOX 999 RAYMOND, MS 39154
PHONE:601-857-8038 FAX:601-857-0535

EXHIBIT "1"

## Mississippi Electronic Courts
### Seventh Circuit Court District (Hinds Circuit Court - Jackson)
### CIVIL DOCKET FOR CASE #: 25CI1:25-cv-00217-EFP

| | |
|---|---|
| LOTT v. MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY et al | Date Filed: 03/18/2025 |
| | Current Days Pending: 43 |
| Assigned to: Judge Eleanor Faye Peterson | Total Case Age: 43 |
| | Jury Demand: None |
| **Upcoming Settings:** | Nature of Suit: Employment (5) |
| None Found | |

**Plaintiff**

**JEREMY LOTT**                      represented by **Daniel Waide**
                                     Johnson, Ratliff, and Waide, PLLC
                                     PO Box 17738
                                     HATTIESBURG, MS 39404
                                     601-582-4553
                                     Email: dwaide@jhrlaw.net
                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY**

**Defendant**

**COMMISSIONER SEAN TINDELL**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2025 | 2 | COMPLAINT against COMMISSIONER SEAN TINDELL, MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, filed by JEREMY LOTT. (Attachments: # 1 Civil Cover Sheet,) (KB) (Entered: 03/18/2025) |
| 03/18/2025 | 3 | SUMMONS Issued to COMMISSIONER SEAN TINDELL. (KB) (Entered: 03/18/2025) |
| 03/18/2025 | 4 | SUMMONS Issued to MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY. (KB) (Entered: 03/18/2025) |
| 04/16/2025 | 5 | SUMMONS Returned Executed by JEREMY LOTT. *Re:* ** 3 SUMMONS Issued to COMMISSIONER SEAN TINDELL. (KB)** COMMISSIONER SEAN TINDELL served on 4/15/2025, answer due 5/15/2025. *Attorney General Lynn Fitch* Service type: Personal (Attachments: # 1 Exhibit Letter from the AG about Acceptance of Service,) (Waide, Daniel) (Entered: 04/16/2025) |
| 04/16/2025 | 6 | SUMMONS Returned Executed by JEREMY LOTT. *Re:* ** 4 SUMMONS Issued to MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY. (KB)** MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY served on 4/15/2025, answer due 5/15/2025. |

*Attorney General Lynn Fitch* Service type: Personal (Attachments: # 1 Exhibit Letter from the AG about Acceptance of Service,) (Waide, Daniel) (Entered: 04/16/2025)

| MEC Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/30/2025 09:33:21 | | | |
| **You will be charged $0.20 per page to view or print documents.** | | | |
| **MEC Login:** | eb99267M | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25CI1:25-cv-00217-EFP |
| **Billable Pages:** | 2 | **Cost:** | 0.40 |

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**JEREMY LOTT**                                                                 **PLAINTIFF**

**VERSUS**                                                  CIVIL ACTION NO.: _25-217_

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; and**
**COMMISSIONER SEAN TINDELL**                                    **DEFENDANTS**

### JURY TRIAL DEMANDED

---

### COMPLAINT

---

This is an action to recover actual and punitive damages for discrimination in violation of the Title VII of the Civil Rights Act of 1964 and 42 USC 1983. The following facts support the action:

1.

Plaintiff is an adult resident citizen of Pearl River County, Mississippi who may be contacted through undersigned Counsel.

2.

Defendant, Mississippi Department of Public Safety, is a government entity and arm of the state of Mississippi who may be served with process through Attorney General Lynn Fitch at 550 High Street, Jackson MS 39201.

Defendant Sean Tindell is sued in his official capacity as Commissioner of the Mississippi Department of Public Safety for injunctive relief purposes only under the 1st and 14th Amendments. Commissioner Tindell may be served with process at 1900 East Woodrow Wilson Avenue, Jackson, MS 39216.

3.

This court has jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 § 1343, for a cause of action arising under the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Venue is proper, because Defendant is headquartered in Hinds County.

4.

Plaintiff has filed an EEOC charge attached hereto as Exhibit "A" and has received a Right-to-Sue letter attached hereto as Exhibit "B".

5.

Plaintiff was employed by the Defendant as a Trooper.

6.

Plaintiff was an excellent Trooper and enjoyed a stellar career. At the time of his termination, Plaintiff's personnel file was devoid of reprimands or write ups.

7.

Lott was a Trooper with the Mississippi Highway Patrol and a victim of race discrimination and anti-white-male biases indicative of DEI culture that appears to be weaving itself into parts of DPS. Despite never being in a supervisory role, Trooper Lott was pre-textually discharged for allegedly engaging in an inappropriate relationship with a female officer. Even if true, this allegation would pale in comparison to the improper actions of some non-white officers.

In addition, throughout the state spouses are allowed to work within the same entities of DPS so long as they work under different chains of command, which would be exactly how this situation unfolded. At no point was Trooper Lott ever a supervisor of the female involved.

Throughout the state employees are allowed to be in relationships, even with people of a higher rank, so long as they are not in supervisory roles. This accepted rule was not followed for Mr. Lott, nor was state policy followed. Therefore, the alleged basis for Lott's termination was based upon false pre-text.

<div align="center">8.</div>

Strikingly, Trooper Lott has never been written up or reprimanded during his 18 year career. The State would be hard pressed to find many other state employees – in any department or division – with an 18-year career as spotless as Trooper Lott. This fact is evidence of unlawful discrimination, especially when the State claims to want only the best Troopers.

<div align="center">9.</div>

Trooper Lott does admit to using state property (cell phones) for personal use. However, the department's application of this "rule" is arbitrary and does not comply with its own customs and policies. First, many troopers around the state do not have personal cell phones at all and use ONLY their state issued phone for everyday use, including Snapchat and other social media. Therefore, every communication made by those troopers not for work use would be considered "misuse" requiring that multiple troopers be terminated. Thus far, the department has made no effort to treat all troopers equally. If the rule is enforced across the state as applied to Lott, the State may not have any troopers.

<div align="center">10.</div>

Importantly, many non-white Troopers have cost the taxpayers tens of thousands of dollars through "misuse" of property, including wrecking patrol cars while on personal time and having family members/girlfriends in the car - or en route to non-state related employment. These non-white troopers have suffered no repercussions for costing the state over $100,000 in

actual damages for misuse of state property. Lott's so called "misuse" cost the state taxpayer nothing and was a simple oversight by Lott – in addition to being several years ago.

In addition, multiple non-white and off-duty Troopers misused their uniforms, positions, and equipment to interrogate a minor – whom they pulled from school under false pretenses – because the minor broke up with a family member. This matter was well known to MHP supervisors who did nothing. This matter could have resulted in significant liability to the department and the taxpayers. These matters are far more recent than the allegations against Lott.

Other examples of disparate treatment include:

1) Non-White Trooper (CM) engaging in a verbal altercation with city administration at a board meeting unrelated to MHP, while off duty in patrol car and uniform. Captain attempted to discipline but was denied by administration.

2) Non-White Captain (JW) involved a romantic relationship with female subordinate. Matter was reported to administration and no action taken.

3) Non-White Lt. Col. Was dating a married dispatcher, while working the same shifts. No action taken by administration.

4) Non-White Trooper caught stealing fuel through fuel-man card and was promoted.

5) Multiple Non-White Troopers caught falsifying federal and state documents to working callbacks while not working a single one. No action taken by administration.

6) Non-White Trooper (EH) engaged in sexual relationship with female subordinate. Trooper was only given days off and demoted, no termination.

7) Non-White Trooper (JG) used patrol car to harass estranged wife and then boyfriend. Trooper was placed on paid leave and allowed to return to work.

10.

If use of Lott's phone to send a few personal messages amounts to a terminable offense, then the department must ensure that Lott is not treated disparately from these non-white Troopers who committed objectively more serious forms of "mis-use." The only reason Lott was treated differently is because Lott is white. Had Trooper Lott been a minority, Trooper Lott would have potentially been reprimanded but not terminated. Although a reprimand seems unlikely based on the treatment of other Troopers.

11.

In addition to Title VII, the Plaintiff's termination stems from a violation of his 1st Amendment rights. Plaintiff's termination stems, at least in part, from the content of messages sent and received on cell phones provided by the Defendant. However, personal messages are sent and received hundreds, if not thousands of times each day by Troopers throughout the state. The Plaintiff's messages were only an issue for the Defendants because of the content of those messages, in violation of the Plaintiff's rights under the 1st Amendment.

12.

Defendant DPS terminated Plaintiff in violation of Title VII and the Equal Protection Clause, wherein non-white employees have been allowed to break multiple laws yet remains an employee.

13.

Further, Plaintiff's termination violates the substantive due process clause and the equal protection clause. The Plaintiff's termination was arbitrary and capricious wherein literally hundreds of personal messages are sent and received on Trooper phones each day and other officers receive no personnel actions as a result. Such action against Plaintiff therefore meets the

definition of arbitrary and capricious action by DPS. These facts also evidence the pre-text used by the Defendant in terminating Plaintiff while allowing non-white officer misuse state property on a regular and routine basis.

14.

Plaintiff is entitled to actual damages for mental anxiety and stress and lost income. Defendant's actions are outrageous such that punitive damages are due.

15.

Plaintiff is entitled to injunctive relief and reinstatement pursuant to his claims under the 1st and 14th Amendments.

## **PRAYER FOR RELIEF**

Plaintiff prays for actual, compensatory, special, and punitive damages in the amount to be determined by a jury, reinstatement and for reasonable attorney's fees.

THIS the 10th day of March, 2025.

Respectfully submitted,

**JEREMY LOTT, PLAINTIFF**

DANIEL M. WAIDE, MSB #103543

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 582-4553
F: (601) 582-4556
dwaide@jhrlaw.net

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | |

|  |  | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jeremy Lott | | |
| Street Address                     City, State and ZIP Code | | |
| 14008 McNeese Lane, Moss Point, MS 39562 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| State of Mississippi - DPS | 15+ | |
| Street Address                     City, State and ZIP Code | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address                     City, State and ZIP Code | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |
| _X_ RACE  __ COLOR  _X_ SEX  __ RELIGION  __ NATIONAL ORIGIN | April 2, 2024 |
| __ RETALIATION  __ AGE  __ DISABILITY  __ OTHER (Specify below.) | __ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

Lott was a Trooper with the Mississippi Highway Patrol and a victim of race discrimination and anti-white-male biases indicative of DEI culture that appears to be weaving itself into DPS. Despite never being in a supervisory role, Trooper Lott was discharged for allegedly in engaging in an inappropriate relationship with a female officer.

In addition, throughout the state spouses are allowed to work within the same entities so long as they work under different chains of command, which would be exactly how this situation unfold. At no point was Trooper Lott ever a supervisor of the female involved. Throughout the state employees are allowed to be in relationships, even with people of a higher rank, so long as they are not in supervisory roles. This accepted rule was not followed for Mr. Lott, nor was state policy followed.

Trooper Lott has never been written up or reprimanded during his 18 year career. The State would be hard pressed to find many other state employees – in any department or division – with an 18 year career as spotless as Trooper Lott.

Trooper Lott does admit to using state property (cell phones) in sending messages to and from the female trooper on his state phone instead of his personal cell phone. However, the department's application of this "rule" is arbitrary and does not comply with its own rules. First, many troopers around the state do not have personal cell phones at all and use ONLY their state issued phone for everyday use, including Snapchat and other social media. Therefore, every communication made by those troopers not for work use would be considered "misuse" requiring that multiple troopers be terminated. Thus far, the department has made no effort to treat all troopers equally. If the rule is enforced across the state as applied to Lott, the State may not have any troopers.

Second, many non-white Troopers have cost the taxpayers tens of thousands of dollars through "misuse" of property, including wrecking patrol cars while on personal time and having family

EXHIBIT

A

members/girlfriends in the car. Or en route to non-state related employment. These non-white troopers have suffered no repercussions for costing the state over $100,000 in actual damages. Lott's so called "misuse" cost the state taxpayer nothing and was an oversight by Lott – in addition to be several years ago.

In addition, multiple non-white and off-duty Troopers misused their uniforms, positions, and equipment to interrogate a minor – whom they pulled from school under false pretenses – because the minor broke up with a family member. This matter was well known to supervisors who did nothing. This matter could have resulted in significant liability to the department and the taxpayers. These matters are far more recent than the allegations against Lott. If use of Lott's phone to send a few personal messages amounts to a terminable offense, then the department must ensure that Lott is not treated disparately from these non-white Troopers who committed objectively more serious forms of "mis-use."

The only reasons Trooper Lott was terminated was to cover up the termination of the female Trooper and because Trooper Lott is white. Had Trooper Lott been a minority, Trooper Lott would have potentially been reprimanded, but not terminated.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Date    Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

February 07, 2025

Mr. Jeremy Lott
c/o Daniel M. Waide, Esquire
Law Office of Johnson, Ratliff & Waide
1300 Hardy St., 2nd FL
P.O. Box 17738
Hattiesburg, MS  39401

Re:  EEOC Charge Against State of Mississippi, Dept. of Public Safety, et al.
    No. 423202402161

Dear Mr. Lott:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Jackson Area Office, Jackson, MS.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                       Sincerely,

                       Kathleen Wolfe
           Deputy Assistant Attorney General
                Civil Rights Division

        by     /s/ Karen L. Ferguson
                Karen L. Ferguson
                Civil Rights Analyst
           Employment Litigation Section

cc: Jackson Area Office, EEOC



State of Mississippi, Dept. of Public Safety, et al.

**COVER SHEET**

**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court  Form AOC/01
Administrative Office of Courts  (Rev 2020)

Case 3:25-cv-00217-EEP   Document # 2-1   Filed 03/18/2025   Page 1 of 2

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 2 5 | 1 | C 1 | 2 0 2 5 | 2 1 7 |
| County # | Judicial District | Court ID (CH, CI, CO) | | Local Docket ID |

0 3 | 1 | 8 | 2 5
Month  Date  Year
This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the CIRCUIT   Court of HINDS   County — FIRST   Judicial District

**Origin of Suit (Place an "X" in one box only)**
[X] Initial Filing  [ ] Reinstated  [ ] Foreign Judgment Enrolled  [ ] Transfer from Other court  [ ] Other
[ ] Remanded  [ ] Reopened  [ ] Joining Suit/Action  [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**
Individual Lott   Jeremy
  Last Name   First Name   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV
____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
  Estate of
____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
  D/B/A or Agency

Business
  Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
  D/B/A

Address of Plaintiff

Attorney (Name & Address)  Daniel M. Waide   MS Bar No. 103543
____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
  Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**
Individual
  Last Name   First Name   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV
____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
  Estate of
____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
  D/B/A or Agency

Business  Mississippi Department of Public Safety
  Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
  D/B/A

Attorney (Name & Address) - If Known   MS Bar No.

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet
**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
[ ] Child Custody/Visitation
[ ] Child Support
[ ] Contempt
[ ] Divorce:Fault
[ ] Divorce: Irreconcilable Diff.
[ ] Domestic Abuse
[ ] Emancipation
[ ] Modification
[ ] Paternity
[ ] Property Division
[ ] Separate Maintenance
[ ] Term. of Parental Rights-Chancery
[ ] UIFSA (eff 7/1/97; formerly URESA)
[ ] Other

**Appeals**
[ ] Administrative Agency
[ ] County Court
[ ] Hardship Petition (Driver License)
[ ] Justice Court
[ ] MS Dept Employment Security
[ ] Municipal Court
[ ] Other

**Business/Commercial**
[ ] Accounting (Business)
[ ] Business Dissolution
[ ] Debt Collection
[X] Employment
[ ] Foreign Judgment
[ ] Garnishment
[ ] Replevin
[ ] Other

**Probate**
[ ] Accounting (Probate)
[ ] Birth Certificate Correction
[ ] Mental Health Commitment
[ ] Conservatorship
[ ] Guardianship
[ ] Joint Conservatorship & Guardianship
[ ] Heirship
[ ] Intestate Estate
[ ] Minor's Settlement
[ ] Muniment of Title
[ ] Name Change
[ ] Testate Estate
[ ] Will Contest
[ ] Alcohol/Drug Commitment (Involuntary)

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other

**Children/Minors - Non-Domestic**
[ ] Adoption - Contested
[ ] Adoption - Uncontested
[ ] Consent to Abortion
[ ] Minor Removal of Minority
[ ] Other

**Civil Rights**
[ ] Elections
[ ] Expungement
[ ] Habeas Corpus
[ ] Post Conviction Relief/Prisoner
[ ] Other

**Contract**
[ ] Breach of Contract
[ ] Installment Contract
[ ] Insurance
[ ] Specific Performance
[ ] Other

**Statutes/Rules**
[ ] Bond Validation
[ ] Civil Forfeiture
[ ] Declaratory Judgment
[ ] Injunction or Restraining Order
[ ] Other

**Real Property**
[ ] Adverse Possession
[ ] Ejectment
[ ] Eminent Domain
[ ] Eviction
[ ] Judicial Foreclosure
[ ] Lien Assertion
[ ] Partition
[ ] Tax Sale: Confirm/Cancel
[ ] Title Boundary or Easement
[ ] Other

**Torts**
[ ] Bad Faith
[ ] Fraud
[ ] Intentional Tort
[ ] Loss of Consortium
[ ] Malpractice - Legal
[ ] Malpractice - Medical
[ ] Mass Tort
[ ] Negligence - General
[ ] Negligence - Motor Vehicle
[ ] Premises Liability
[ ] Product Liability
[ ] Subrogation
[ ] Wrongful Death
[ ] Other

Case: 25CI1:25-cv-00217-EFP    Document #: 2-1    Filed: 03/18/2025    Page 2 of 2

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ _____   Docket No. If Filed
          File Yr        Chronological No.    Clerk's Local ID   Prior to 1/1/94_____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** <u>Tindell</u>      <u>Sean</u>      (       ) ____ ____
            Last Name       First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____ _____ ( _____ ) ____ ____
            Last Name       First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____ _____ ( _____ ) ____ ____
            Last Name       First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**JEREMY LOTT**                                            **PLAINTIFF**

**VERSUS**                              CIVIL ACTION NO.: _25·217_

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; and**
**COMMISSIONER SEAN TINDELL**                  **DEFENDANTS**

### SUMMONS

**THE STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

    **TO:**     Commissioner Sean Tindell
               1900 East Woodrow Wilson Avenue
               Jackson, MS 39216

**THE COMPLAINT AND DISCOVERY, WHICH ARE ATTACHED TO THIS SUMMONS, IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

      You are required to mail or hand deliver a copy of a written response to the Complaint and Discovery to <u>Daniel M. Waide</u>, P.O. Box 17738, Hattiesburg, MS 30404, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your response to the Discovery must be mailed or delivered within 45 days from the date of delivery. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

      Issued under my hand and seal of said Court, this _18_ day of March, 2025.

                                    **Zack Wallace,**
                                    **HINDS COUNTY CIRCUIT CLERK**

                        By: _Karla Bailey_   D.C.

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**JEREMY LOTT**                                                                    **PLAINTIFF**

**VERSUS**                                                CIVIL ACTION NO.: **25-217**

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; and**
**COMMISSIONER SEAN TINDELL**                                          **DEFENDANTS**

<div align="center">SUMMONS</div>

**THE STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

> **TO:**   Mississippi Department of Public Safety
> c/o Attorney General Lynn Fitch
> 550 High Street
> Jackson, MS 39201

**THE COMPLAINT AND DISCOVERY, WHICH ARE ATTACHED TO THIS SUMMONS, IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint and Discovery to Daniel M. Waide, P.O. Box 17738, Hattiesburg, MS 30404, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your response to the Discovery must be mailed or delivered within 45 days from the date of delivery. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 18 day of March, 2025.

**Zack Wallace,**
**HINDS COUNTY CIRCUIT CLERK**

By: _Karla Bailey_   D.C.

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

PROOF OF SERVICE – *Summons*
(Process Server)

I, the undersigned process server, served the *Summons* upon the person or entity named above in the manner set forth below:

_X_ PERSONAL SERVICE. I personally delivered a copy to Lynn Fitch _Attorney General_ on the 15th day of April, 2025, where I found said person in Madison County, Mississippi. *placed in lockbox w/ officer- see exhibits*

___RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the *Summons* on the _____ day of _____, 2025, at the usual place of abode of said person by leaving a copy of the *Subpoena* with _____ who is the _____ (insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Subpoena, and thereafter on the _____ day of _____, 2025, I mailed, by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action.

Process server must list below:

Name: Laramie Turner
Address: 1300 Hardy Street, 2nd Floor
Hattiesburg, MS 39401
Telephone: (601) 582-4653

STATE OF MISSISSIPPI
COUNTY OF Forrest

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Laramie Turner, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service - are true and correct as therein stated.

_____
PROCESS SERVER

Sworn to and subscribed before me on this the 10th day of April, 2025.

_____
NOTARY PUBLIC

My Commission Expires:
June 2, 2027

PAULA A. HARRISON
NOTARY PUBLIC
Forrest County
Commission Expires
June 2, 2027
STATE OF MISSISSIPPI
COMMISSION NUMBER 112883

<div style="text-align: left; font-size: small;">
Case: 25C1:25-cv-00217-EFP     Document #: 5-1     Filed: 04/16/2025     Page 1 of 1
</div>



March 20, 2020

### Notice

### Service of Process Upon the Office of the Attorney General During the COVID-19 State of Emergency

The 12th floor lobby of the Attorney General's Office is closed to the public. As of March 20, 2020, and until further notice, Attorney General Lynn Fitch has designated the lockbox located at the Capitol Police desk in the lobby of the Walter Sillers State Office Building at 550 High Street, Jackson, Mississippi as the location for the Attorney General to receive service of process pursuant to Mississippi Rule of Civil Procedure 4(d)(5) and Federal Rule of Civil Procedure 4(j)(2)(B). Summonses and subpoenas to be served on the Attorney General's Office Should be placed in this lockbox.

The Capitol Police will <u>not</u> provide an acknowledgment of service. However, you may take a copy of this notice and the accompanying Attorney General's Office business card for your files.

As a reminder, subpoenas seeking documents in the possession, custody, or control of a state agency other than the Attorney General's Office must be served directly on that agency. Placing those subpoenas in this lockbox is not legally sufficient service of process.

The lockbox will be checked once a day. If the matter requires immediate attention, or if you have a question about service of process, please call or email Assistant Attorney General Doug Miracle at 601-359-5654 or **doug.miracle@ago.ms.gov.**



### Summons Receipt

Received Date: 4-15-25 2025  Time: 1:30 pm

Capitol Police: *Thona E. Albryt*

Case: 25CI1:25-cv-00217-EFP    Document #: 6    Filed: 04/16/2025    Page 1 of 1

PROOF OF SERVICE – *Summons*
(Process Server)

I, the undersigned process server, served the *Summons* upon the person or entity named above in the manner set forth below:

___X___ PERSONAL SERVICE. I personally delivered a copy to Lynn Fitch  *Attorney General*  on the 15th day of April, 2025, where I found said person in Madison County, Mississippi. *placed in lockbox w/ officer- see exhibits*

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the *Summons* on the _____ day of _____, 2025, at the usual place of abode of said person by leaving a copy of the *Subpoena* with _____ who is the _____ (insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Subpoena, and thereafter on the _____ day of _____, 2025, I mailed, by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action.

Process server must list below:

Name:      Laramie Turner
Address:   1300 Hardy Street, 2nd Floor
           Hattiesburg, MS 39401
Telephone: (601 582 4653

STATE OF MISSISSIPPI
COUNTY OF Forrest

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Laramie Turner, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service - are true and correct as therein stated.

_____
PROCESS SERVER

Sworn to and subscribed before me on this the 16th day of April, 2025.

_____
NOTARY PUBLIC

My Commission Expires:
June 2, 2027

STATE OF MISSISSIPPI
PAULA A. HARRISON
NOTARY PUBLIC
Forrest County
Commission Expires
June 2, 2027
COMMISSION NUMBER 11288

Case: 25CI1:25-cv-00217-EFP    Document #: 6-1    Filed: 04/16/2025    Page 1 of 1



ATTORNEY GENERAL

March 20, 2020

**Notice**

**Service of Process Upon the Office of the Attorney General
During the COVID-19 State of Emergency**

The 12th floor lobby of the Attorney General's Office is closed to the public. As of March 20, 2020, and until further notice, Attorney General Lynn Fitch has designated the lockbox located at the Capitol Police desk in the lobby of the Walter Sillers State Office Building at 550 High Street, Jackson, Mississippi as the location for the Attorney General to receive service of process pursuant to Mississippi Rule of Civil Procedure 4(d)(5) and Federal Rule of Civil Procedure 4(j)(2)(B). Summonses and subpoenas to be served on the Attorney General's Office Should be placed in this lockbox.

    The Capitol Police will <u>not</u> provide an acknowledgment of service. However, you may take a copy of this notice and the accompanying Attorney General's Office business card for your files.

    As a reminder, subpoenas seeking documents in the possession, custody, or control of a state agency other than the Attorney General's Office must be served directly on that agency. Placing those subpoenas in this lockbox is not legally sufficient service of process.

    The lockbox will be checked once a day. If the matter requires immediate attention, or if you have a question about service of process, please call or email Assistant Attorney General Doug Miracle at 601-359-5654 or **doug.miracle@ago.ms.**

RECEIVED
APR 15 2025
ATTORNEY GENERAL'S OFFICE