IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEREMY LOTT                                                                                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 25-CV-325-TSL-RPM

MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY; and COMMISSIONER SEAN TINDELL                  DEFENDANTS

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
<u>UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND (c)</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (c), Defendants the Mississippi Department of Public Safety (MDPS) and its Commissioner Sean Tindell in his official capacity (Commissioner Tindell) (collectively Defendants) submit this their Memorandum in Support of Motion for Partial Judgment on the Pleadings.

I. <u>Introduction</u>

Plaintiff, Jeremy Lott (Plaintiff), is a former State Trooper with MDPS who raises claims under 42 U.S.C. §1983 for violations of the First and Fourteenth Amendments and Title VII related to the termination of his employment with MDPS. With the exception of his Title VII claim against MDPS, all of Plaintiff's claims should be dismissed for the following reasons. *First*, despite removing this case, Defendants have sovereign immunity from liability, and they are not "persons" amenable to suit under §1983. *Second*, *Ex parte Young* is inapplicable to the claims against Commissioner Tindell. *Third,* Plaintiff does not make a single factual allegation involving Commissioner Tindell, thus all claims against him fail to meet the requisite pleading standard and should be dismissed. *Fourth*, Plaintiff fails to state plausible claims for violations of the First Amendment or the Substantive Due Process clause of the Fourteenth Amendment. Accordingly, this Court lacks jurisdiction over all of Plaintiff's

1

§1983 claims—and all claims against Commissioner Tindell should be dismissed pursuant to Rule 12(c), as well as Plaintiff's First Amendment and Substantive Due Process claims.

## II. Summary of Plaintiff's Claims

In his Complaint, Plaintiff asserts claims against Commissioner Tindell in his official capacity only "for injunctive relief purposes only under the 1st and 14th Amendments" pursuant to 42 U.S.C. §1983. [2, ¶2]. Further, Plaintiff asserts claims against MDPS for "violation of Title VII and the Equal Protection Clause" for purported race discrimination. [2, ¶12]. Additionally, Plaintiff cites that his "termination violates the substantive due process clause and the equal protection clause", but he fails to identify whether these claims are asserted against MDPS or Commissioner Tindell or both Defendants. [2, ¶13]. For the reasons below, Defendants seek dismissal of all of Plaintiff's claims, except his Title VII claim against MDPS.[1]

## III. Legal Standards

### A. Legal Standard for Dismissal for Lack of Subject Matter Jurisdiction Based on Immunity Principals.

"[S]overeign immunity issues are 'appropriately brought under Rule 12(b)(1)." *Necaise v. May*, 700 F.Supp.3d 469, 478 (S.D. Miss. 2023)(quoting *Valadez v. City of San Antonio*, No. SA-21-CV2-JKP-RBF, 2022 WL 1608016, at *8 (W.D. Tex. May 20, 2022)(citing *Alvarado v. Tex. Health & Hum. Servs. Comm'n.*, No. 5:19CV106-JKP, 2019 WL 6876499, at *2 (W.D. Tex. Dec. 17, 2019); *see also Patel v. United States Dept. of Agriculture*, No. 3:17CV59-HSO-JCG, 2017 WL 11697929, at *2 (S.D. Miss. Sept. 1, 2017)("The State Defendants' argument that Plaintiff's claims against them should be dismissed based on Eleventh Amendment

---

[1] Plaintiff's Title VII claim appears to be asserted against MDPS only. However, the extent that he attempts to raise a Title VII claim against Commissioner Tindell that must be dismissed. *Yul Chu v. Mississippi State University*, 901 F.Supp.2d 761, 781 (N.D. Miss. 2012)("[R]elief under Title VII is only available against the employer, not an individual supervisor or fellow employee.")(additional citations omitted).

sovereign immunity grounds is a challenge to the Court's subject-matter jurisdiction that is evaluated under Federal Rule of Civil Procedure 12(b)(1).'"))

This Court legally cannot hear claims that are subject to sovereign immunity. "Lack of subject[-]matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of those facts." *Mackey v. Pigott*, No. 3:23-cv-233-DPJ-FKB, 2023 WL 7663300, at \*2 (S.D. Miss. Nov. 14, 2023). Here, Defendants make a facial attack on jurisdiction without citation to record evidence, thus the Court "limits its review to the allegations in the Complaint." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). Plaintiff "bears the burden of proving that the Court has jurisdiction." *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

### B. Legal Standard for Granting Judgment on the Pleadings

Under Rule 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In considering a Rule 12(c) motion, courts employ the same standard as that of deciding a motion to dismiss under rule 12(b)(6). *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.2d 305, 313 (5th Cir. 2002). Accordingly, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Pleadings, therefore, are to be construed liberally, and "judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)).

If the assertions made within a complaint, even if true, "'could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Yoder v. Mississippi State Univ.*, 2010 WL 364466, at *1 (N.D. Miss. Feb. 1, 2010)(citing *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007)).  The Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level.

IV. <u>Argument and Authorities</u>

A. <u>All of Plaintiff's §1983 Claims Must Be Dismissed.</u>

Plaintiff has asserted §1983 claims for violations of the First and Fourteenth Amendments (Equal Protection and Substantive Due Process clauses) against MDPS and Commissioner Tindell, in his official capacity.  Both Defendants, however, are immune from these claims, and they are not "persons" for purposes of §1983. Regardless, Plaintiff has simply failed to state any valid claims against Commissioner Tindell nor against Defendants under the First Amendment or Substantive Due Process clause.

    1. <u>MDPS and Commissioner Tindell maintain sovereign immunity from liability despite removing this case.</u>

For over a century, it has been clear that the Constitution does not provide for federal jurisdiction over suits against non-consenting states. *College Savings Bank v.*

4

*Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669-670 (1999); *Seminole Tribe v. Florida,* 517 U.*S.* 44, 72 (1996); *Hans v. Louisiana,* 134 U.S. 1 (1890). In dismissing the Seminole Tribe's lawsuit against the State of Florida for lack of jurisdiction, the Supreme Court held, "we confirm that the background principle of *state sovereign immunity embodied in the Eleventh Amendment is not so ephemeral as to dissipate* when the subject of the suit is an area, like the regulation of Indian commerce, that is under the exclusive control of the Federal Government. Even when the Constitution vests in Congress complete lawmaking authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States." *Seminole Tribe of Florida,* 116 S. Ct. at 1131. The Fifth Circuit has observed "a growing body of impressive scholarly thought [which] favor[s] the view that the Supreme Court has implicitly recognized that state sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability." *Myers ex rel. Benzing v. Texas*, 410 F.3d 236, 254 (5th Cir. 2005)(citing e.g., Jonathan R. Siegel, *Waivers of State Sovereign Immunity and the Ideology of the Eleventh Amendment*, 52 DUKE L.J. 1167, 1234 (2003)).

"State sovereign immunity bars an individual from suing a state, whether in state or federal court, unless the state has unequivocally waived its immunity or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 326 (5th Cir. 2002). Put another way, a state "enjoys two kinds of immunity that it may choose to waive or retain separately—immunity from suit and immunity from liability." *Meyers*, 410 F.3d at 252–53. "[A] state, if its law authorizes, [may] waive its immunity from suit without waiving its immunity from liability." *Id.*; see also *Barrett v. Miss. Dept. of Public Safety,* 2013 WL 4015094, at *3 (S.D. Miss. 2013) (citing *Meyers*, 410 F.3d at 255, for proposition that when a state removes a case to federal court, it voluntarily invokes

5

the jurisdiction of the federal courts and waives its *Eleventh Amendment immunity from suit* in federal court). As recognized in *Berry v. UMMC*, 2022 WL 1625164, at *2 (S.D. May 23, 2022), however, such a waiver of the State's Eleventh Amendment immunity from suit in federal court "does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts." *Meyers,* 454 F.3d at 504; *Salvdor v. Mississippi School for the Deaf and Blind,* No. 3:23-cv-3100-TSL-RPM, 2024 WL 3069824, at *2 (S.D. Miss. June 20, 2024).

"Thus, a state may waive its immunity from suit through removal and simultaneously retain its immunity from liability." *Zeng v. Tex. Tech Univ. Health Sci. Ctr. At El Paso*, 836 F. App'x 203, 207 (5th Cir. 2020)(emphasis added); *Salvdor*, 2024 WL 3069824, at *2 ("By removing the case, defendant waived its immunity *from suit* but did not waive its separate immunity *from liability.*")(citing *Delany v. Mississippi Dept. of Public Safety*, No. 3:12CV229TSL-MTP, 2013 WL 286365, at *4 (S.D. Miss. Jan. 14, 2013)(citing *Myers*, 410 F.3d at 248); *Necaise*, 700 F.Supp.3d at 479 (by removing the case "Defendants may have waived their right to raise the immunity from suit defense, they did not necessarily thereby lose the right to raise the immunity from liability defense.")(citing *see Delaney*, 2013 WL 286365, at *3, *aff'd* 554 F.App'x 279 (5th Cir. 2014); *Dansby-Giles v. Jackson State Univ.*, No. 3:07CV452-HTW-LRA, 2010 WL 780531, at *4 (S.D. Miss.Feb. 28, 2010)). Such immunity from liability is an issue to be decided according to Mississippi law. *Salvdor*, 2024 WL 3069824 at *2; *Myers*, 410 F.3d at 255.

"Sovereign immunity," an ancient principle of law, says that a government cannot be sued by its citizens unless it consents. *E.g., Necaise*, 700 F.Supp.3d at 478(quoting *Kermode v. Univ. of Miss. Med. Ctr.*, 496 F.App'x

6

483, 485 (5th Cir. 2012)(additional citation omitted. The Eleventh Amendment to the Constitution, ratified in 1795, was intended to make it clear that the principle of sovereign immunity applied to lawsuits by citizens against the individual states. Sovereign immunity is broader than Eleventh Amendment immunity and is a fundamental aspect of the sovereignty which the states enjoyed before the ratification of the Constitution. *See Nevada Dept. of Human Res. v. Hibbs,* 538 U.S. 721 (2003).

Congress may not authorize an individual to bring suit against a state in federal or state court to enforce a federal law without: (1) the state's consent; or (2) express Congressional abrogation of state sovereign immunity subject to legislation enacted pursuant to an appropriate exercise of jurisdiction under §5 of the Fourteenth Amendment. "The State of Mississippi has not waived its sovereign immunity from liability in suits arising under §1983 . . . On the contrary, the Mississippi Tort Claims Act (MTCA), the State's only express waiver of sovereign immunity, expressly preserves the State's Eleventh Amendment immunity." *Salvdor*, 2024 WL 3069824 at *2 (quoting *Delaney*, 2013 WL 286365, at *3 (citing Miss. Code Ann. §11-46-3(1); *see also* Miss. Code Ann. § 11-46-5(4)); *Necaise*, 700 F.Supp.3d at 480. Further, §1983 does not abrogate state sovereign immunity. *NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015).

Under Mississippi law, "no political subdivision or agency of the state can be sued in the absence of a clear and unambiguous statute waiving sovereign immunity." *Employers Ins. of Wausau v. Miss. State Highway Commission*, 575 So. 2d 999, 1002 (Miss. 1990) (further stating that "this Court [has] jealously, if not indeed zealously, thrown the protective blanket of sovereign immunity to all activities of the state, its agencies and political subdivisions in the absence of a clearcut unequivocal statute waiving it."). There has been no such waiver of the State's immunity for claims brought under §1983. *Salvdor*, 2024 WL 3069824 at *2; *Necaise*, 700 F.Supp.3d at 480.

7

It is firmly established that MDPS is an arm of the State of Mississippi, indeed "there is no question that the Mississippi Department of Public Safety is an arm of the State measured by the six factor test set forth in *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001)."[2] *Brown v. Simpson*, No. 4:08CV117-P-S, 2009 WL 2449898, at *1 FN 1 (Aug. 7, 2009). "Both state statutes and case law characterize the agency (and its various branches) as arms of the state. It receives state funding from the State of Mississippi." *Id.* (citing *see King v. Mississippi Highway Patrol*, 827 F.Supp. 401, 404 (S.D. Miss. 1993)). Further, MDPS "is a statewide agency that controls all aspects of statewide law enforcement and public safety." *Id.* Moreover, Tindell, as the Commissioner of Public Safety "is an appointee of, and serves at the leisure of, the Governor." *Id.*

Since MDPS is an arm of the state, its officers, including Commissioner Tindell, are officers of the state in their official capacities. Thus, Commissioner Tindell in his official capacity is also entitled to sovereign immunity. *Jones*, 2013 WL 4876313 at *4 (finding the Commissioner of MDOC is also an arm of the State); *see Am. Bank & Tr. Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989))("a suit against a state official in his or her official capacity ... is no different from a suit against the State itself."); *Necaise*, 700 F.Supp. at 479 (same). Accordingly, Both MDPS and Commissioner Tindell are immune from liability on all of Plaintiff's §1983 claims and these claims must be dismissed. *Salvdor*, 2024 WL 3069824 at *2; *Necaise*, 700 F.Supp.3d at 479-81.

    2. <u>MDPS and Commissioner Tindell are not "persons" subject to suit under §1983.</u>

MDPS and Commissioner Tindell in his official capacity are not "persons" under 42 U.S.C. § 1983. As held by the United States Supreme Court, the State, arms of the State, and

---

[2] Plaintiff also admits that MDPS is an arm of the state of Mississippi in his Complaint. [2, ¶2].

state officials in their official capacity are not "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491U.S. 58, 71 (1989). Thus, as a matter of statutory interpretation, MDPS and Commissioner Tindell in his official capacity are **not** amenable to suit under §1983 in state or federal court. *Salvdor*, 2024 WL 3069824 at *2

### B. The *Ex parte Young* Doctrine is Inapplicable.

Plaintiff attempts an end around at Commissioner Tindell's immunity by seeking "injunctive relief" through the *Ex parte Young* doctrine, but that doctrine is not applicable here. Specifically, Plaintiff seeks "injunctive relief and reinstatement", based on the termination of his employment. [2, ¶15].

As discussed above, Commissioner Tindell in his official capacity is entitled to sovereign immunity and he is not a "person" subject to suit under §1983. The single exception to this immunity is that a state official may be sued in his official capacity for prospective, injunctive relief of an ongoing violation of federal rights. *Ex parte Young,* 209 U.S. 123 (1908). This is a very narrow exception, and it is the plaintiff who must establish that his claim fits within that narrow exception based on the relief sought.

The question at issue is whether *Ex parte Young* covers the relief that Plaintiff seeks. To answer that question, this Court "need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Mackey*, 2023 WL 7663300 at *4 (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)(internal quotation marks & citation omitted).

As Judge Jordan has explained, "[t]he Eleventh Amendment bars claims for relief that "in essence serve[ ] to compensate a party injured in the past." *Id.* (quoting *Papasan*, 478 U.S. at 278). Accordingly, "*Ex parte Young* offers no help "if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something

9

else." *Id.* (citing *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 623 (2002)).

Starting with Plaintiff's request of unspecified "injunctive relief", which is wholly undefined, it is unclear whether the relief sought is prospective or retrospective in effect. Since the Court cannot determine this from the Complaint, *Ex parte Young* should not apply.

Plaintiff's claim for "reinstatement", however, poses a different question since courts generally consider this as prospective injunctive relief. *Mackey*, 2023 WL 7663300 at *4. Regardless, as discussed below, Plaintiff has failed to assert <u>a single fact</u> related to Commissioner Tindell, much less that he was involved in the termination of Plaintiff's employment. Thus, Plaintiff has not alleged that Commissioner Tindell has engaged in an on-going violation of federal law, so *Ex parte Young* should not apply. Further, as Judge Reeves recently explained, "[t]he remedy of reinstatement, meanwhile, is available under Title VII and need not proceed through *Ex parte Young*." *Jasmine Johnson v. Mississippi Emergency Management Agency, et al.*, Civil Action No. 3:23-CV-3057-CWR-ASH, [21], (S.D. Miss. Mar. 13, 2025). Defendants are not currently seeking dismissal of Plaintiff's Title VII claim against MDPS, thus the remedy of "reinstatement" may be available through that claim and need not proceed through *Ex parte Young*.

### C. Plaintiff Does Not Allege a Single Fact Against Commissioner Tindell.

In his Complaint, Plaintiff failed to assert a <u>single factual allegation</u> involving Commissioner Tindell, thus any purported First and Fourteenth Amendment claims against him should be dismissed because they fail to meet the required pleading standard. To be clear, the <u>only</u> mention of Commissioner Tindell appears in Paragraph 2 when he is named as a Defendant in his official capacity "for injunctive relief purposes only under the 1st and 14th Amendments." [2; ¶2]. Aside from this single cursory reference, Plaintiff never mentions

Commissioner Tindell again in the Complaint—this is insufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(c).

To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads <u>factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added)(citing *Twombly*, 550 U.S. at 556). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Paixao v. City of Greenwood*, 2024 WL 28032, at *2 (N.D. Miss. Jan. 2, 2024)(quoting *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (additional citation omitted). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Id.* (quoting *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014)(quoting *Twombly*, 550 U.S. at 555, 570)). Since Plaintiff has not asserted a single factual allegation concerning Commissioner Tindell, all claims against him should also be dismissed pursuant to Rule 12(c).

### D. Plaintiff Has Failed to State a Valid Claim Under the First Amendment Against Either MDPS or Commissioner Tindell.

While "[g]overment employees are not stripped of their right to freedom of expression by virtue of their employment", Plaintiff has <u>not</u> alleged a violation of the First Amendment. *Graziosi v. City of Greenville,* 985 F.Supp.2d 808, 812 (N.D. Miss. 2013)(citing *Connick v. Myers*, 461 U.S. 138, 142, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). "In order to prevail on a First Amendment retaliation claim, a public employee must establish that: (1) she suffered an

11

adverse employment decision; (2) her speech involved a matter of public concern; (3) her interest in speaking outweighed the governmental defendant's interest in promoting efficiency; and (4) the protected speech motivated the defendant's conduct." *Id.*

"[F]or an employee's speech to be protected by the First Amendment, he must be speaking as a citizen on a matter of public concern." *Haverda v. Hays County*, 723 F.3d 586, 597 (5th Cir. 2013) (*citing Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). "To be speaking on a matter of public concern, the employee must speak in his capacity as citizen, not employee." *Gibson v. Kilpatrick*, 838 F.3d 476, 481 (5th Cir. 2016). Accordingly, a public employee's speech is not protected if it was made pursuant to his or her official duties. *Garcetti*, 547 U.S. at 421 ("We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."); *Culbertson v. Lykos*, 790 F.3d 608, 617-18 ("[T]here is no First Amendment protection for the speech when public employees make statements as part of their official duties."). "[A]ll speech arising from 'mixed motives' ... is not automatically protected; the speaker must have spoken predominantly 'as a citizen' to trigger First Amendment protection." *Dodds v. Childers*, 933 F.2d 271, 274 (5th Cir. 1991) (citations omitted).

As to his First Amendment claim, Plaintiff contends that his "termination stems, at least in part, from the content of messages sent and received on cell phones provided by Defendant." [2, ¶11]. Plaintiff fails to allege anything else about this purported "speech"— other than he used his state issued phone to send "a few personal messages." [2, ¶10]. Importantly, here, Plaintiff simply does not allege that these "messages" were made by him as a citizen regarding a matter of public concern. "Whether particular speech addresses a matter of public concern is a question of law for a court to decide." *Beckwith v. Erie County Water Authority*, 413 F.Supp.2d 214, 221 (W.D.N.Y. 2006)(citations omitted). As such,

12

Plaintiff has failed to state a plausible claim for violation of the First Amendment, and this claim should also be dismissed under Rule 12(c).

*Medlin v. City of Allgood*, which presents strikingly similar facts to those at bar, illustrates this point. 355 F.Supp.3d 707 (M.D. Tenn. 2019). In *Medlin*, the plaintiff, a police officer, was placed on administrative leave pending an investigation into "alleged misuse of a city-issued cell phone"—that "included the exchange of explicit messages, digital images, and/or video recordings." *Id.* at 711. In the face of an administrative hearing regarding his termination, the plaintiff resigned and claimed constructive discharge, as well as violations of his First Amendment and Substantive Due Process rights. *Id.* at 712. The *Medlin* court granted defendants' Rule 12(c) motion, explaining "[t]he exchange of illicit messages and photographs via a city-issued cell phone is likely not constitutionally protected", but regardless, to maintain "damage claims against government officials arising from alleged violations of the constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate that constitutional right." *Id.* at 717 (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)(italics in original)(citing *Terrance v. Nothville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)); *see Larson v. City of Allgood, Tennessee*, 390 F.Supp.3d 874, 888-89 (M.D. Tenn. 2019)(granting summary judgment because city employee did not have a First Amendment right to exchange sexually explicit text messages on city-provided cell phone). Here, as in *Medlin*, Plaintiff has failed to do so, and the Court should dismiss Plaintiff's First Amendment claim under Rule 12(c).

### E. Plaintiff Has also Failed to State a Valid Substantive Due Process Claim Against MDPS or Commissioner Tindell.

"The substantive component of the Due Process Clause 'protects individual liberty against certain governmental actions regardless of the fairness of the procedures used to implement them.'" *Stark v. University of Southern Mississippi*, 8 F. Supp.3d 825, 841 (S.D.

13

Miss. 2014)(quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125, 112 S. Ct. 1061, 117 L.Ed.2d 261 (1992)(additional citation omitted). To establish a claim for substantive due process in the context of public employment, a plaintiff must show: "(1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Id.* (quoting *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011)(additional citation omitted)).

"The official's conduct must be arbitrary, or conscious shocking, in a constitutional sense." *Id.* (quoting *Doe v. ex rel. Magee*, 675 F.3d at 867)(quoting *County of Sacremento*, 523 U.S. at 847, 118 S. Ct. 1708)). Conduct sufficient to shock the conscious for substantive due process purposes has been described as conduct that "violates the decencies of civilized conduct" or conduct that is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency" or conduct that "interferes with rights implicit in the concept of ordinary liberty" and conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscious." *Id.* (quoting *Lewis*, 523 U.S. at 846-47 & n. 8, 118 S. Ct. 1708). "[T]he burden to show state conduct that shocks the conscious is <u>extremely high</u>, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even resulting from bad faith to something more egregious and more extreme." *Id.* at 842 (emphasis added)(citing *J.R. v. Gloria*, 593 F.3D 73, 80 (1st Cir. 2010)).

Plaintiff alleges that his termination violated substantive due process because it was arbitrary and capricious since other Troopers sent and received personal messages on state-issued phone, but they were not terminated. [2, ¶13]. Yet, these scant allegations simply do not rise to the level of conduct that "shocks the conscious."[3] For example, in *Medlin*, the court explained that there was no substantive due process violation where a police officer

---

[3] Regardless, although not addressed in his Complaint, Plaintiff was afforded a full and fair due process hearing on his termination that was not arbitrary or capricious.

14

alleged that he was constructively discharged for sending explicit messages and photos on his state-issued phone. *Medlin*, 355 F.Supp.3d at 716. Plaintiff has failed to state any factual allegations as to how either MDPS or Commissioner Tindell violated his substantive due process rights by engaging in conduct that "shocks the conscious", and this claim fails.

## V.     Conclusion

For the reasons set forth above, Defendants respectfully request that the Court enter an Order dismissing all of Plaintiff's claims with prejudice.  Pursuant to L.U.Civ.R. 16(b)(3), Defendants further request that the Court enter an Order staying the attorney conference and disclosure requirements and all discovery, pending the Court's ruling on their Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), including any appeal.  Defendants also request such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 6th day of May, 2025.

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY AND SEAN TINDELL, INDIVIDUAL CAPACITY,** *Defendants*

**LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**

*/s/ Lindsay Thomas Dowdle*
Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
LINDSAY THOMAS DOWDLE (MSB # 102873)
WILLIAM C. IVISON (MSB # 104213)
Post Office Box 220
Jackson, Mississippi  39205-0220
601-359-3020
Lindsay.Dowdle@ago.ms.gov
Will.Ivision@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day sent via electronic through the Court's ECF filing system, a true and correct copy of the above and foregoing document, together with the exhibits referenced therein, to all counsel of record.

This, the 6th day of May, 2025.

*/s/ Lindsay Thomas Dowdle*
Special Assistant Attorney General
